IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DARRYL S. COPELAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NUMBER |
| | ) | CV-04-J-1159-S |
| NOVARTIS PHARMACEUTICALS | ) | |
| CORPORATION, NOVARTIS | ) | |
| NUTRITION CORPORATION | ) | |
| | ) | ENTERED |
| Defendants. | ) | SEP 2 2 2004 |

## MEMORANDUM OPINION

Currently pending before the court is defendant Novartis Nutrition Corporation's motion to dismiss Count One of the plaintiff's complaint (doc. 9), and memorandum and evidence in support thereof. The court has reviewed all of the pleadings and briefs submitted to date.

### I. Factual Background

On June 7, 2004, plaintiff Darryl Copeland filed claims against both Novartis Nutrition Corporation ("Nutrition") and Novartis Pharmaceuticals Corporation ("Pharmaceuticals") under the Uniformed Services Employment and Re-employment Rights Act ("USERRA"). Complaint ¶¶ 5-25. The complaint states that the plaintiff was employed by Nutrition from approximately May 1, 1992, until May 14, 2000, and he was subsequently employed by Pharmaceuticals

from May 14, 2000, until the time the complaint was filed on June 7, 2004.[1] Complaint ¶ 2. The plaintiff alleges that Nutrition denied him promotions and managerial positions because of his military commitments. Complaint ¶¶ 9, 10. Throughout his tenure with Nutrition, the plaintiff was either an active or inactive member of the U.S. Air Force Reserves or Air National Guard. Complaint ¶ 8.

Nutrition has moved to dismiss Count One of the plaintiff's complaint on the grounds that the applicable statute of limitations expired prior to the filing of the action. Defendant's brief at 1.

## II. Standard for Evaluation a Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is properly granted when the movant establishes "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Spain v. Brown & Williamson Tobacco Corp.*, 363 F.3d 1183, 1187 (11th Cir. 2004), quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In evaluating the motion, the court must resolve all factual disputes in favor of the plaintiff. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003).

## III. Legal Analysis

The plaintiff's claims against Nutrition arise under USERRA, which "is one

---

[1]Plaintiff's Response to Defendant Novartis Nutrition Corporation's Motion to Dismiss stipulates that the plaintiff was terminated by Pharmaceuticals on August 13, 2004.

of a series of statutes enacted over the last half century (at least since the 1940's) to protect the employment and reemployment rights of persons serving in the military." *Rogers v. San Antonio*, No. Civ.A. SA-99-CA-1110, 2003 WL 1566502 at *6 (W.D. Tex. Mar. 24, 2003). USERRA's immediate statutory predecessor is the Vietnam Era Veterans' Readjustment Assurance Act, which was enacted in 1974. The employment provisions of this act are commonly known as the Veterans' Reemployment Rights Act ("VRRA") and were codified at 38 U.S.C. §§ 2021-27.

In the early 1990s, Congress charged the Veterans' Affairs Committee with revising VRRA, and the committee identified the "primary goals" of the new legislation as "to clarify, simplify, and, where necessary, strengthen the existing veterans' employment and reemployment rights provisions. H.R. REP. NO. 103-65(I) (1993), *reprinted in* 1994 U.S.C.C.A.N. 2449, 2451. USERRA was enacted in 1994 to replace VRRA and is codified at 38 U.S.C.A. §§ 4301-33. The plaintiff's claims, which are based on his being denied managerial positions and promotions, arise under 38 U.S.C.A. § 4311.

In 1990, prior to the enactment of USERRA, Congress implemented a federal catchall limitations provision, which is codified at 28 U.S.C. § 1658. This statute provides that "a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years

after the cause of action accrues." 28 U.S.C. § 1658. The single issue to be resolved in ruling upon Nutrition's motion to dismiss is whether the statute under which the plaintiff's claims against Nutrition arise is subject to the four year federal catchall statute of limitations.

USERRA explicitly supercedes any "*State law* . . . that reduces, limits, or eliminates in any manner any right or benefit provided" by the Act. 38 U.S.C.A. § 4302(b) (emphasis added). The statute also provides that "[n]o *State* statute of limitations shall apply to any proceeding" under USERRA. 38 U.S.C.A. § 4323(i) (emphasis added). However, the statute does not expressly forbid the application of *federal* statutes of limitation (or other federal laws limiting rights conferred by the Act) to USERRA claims. Considering that USERRA was enacted almost four years after § 1658, Congress could have chosen to exclude USERRA from the reach of the catch-all limitations provision. Congress made no such exception for USERRA, and the inference can thus be made that Congress intended for § 1658 to apply to USERRA claims.

The plaintiff contends that USERRA is simply a "revision" of VRRA. Plaintiff's brief at 5. The court accepts as true the plaintiff's contention that USERRA is not a stand-alone statute but is actually an amendment to a preexisting statute. The United States Supreme Court recently addressed the issue of whether § 1658 applies to amended federal statutes in *Jones v. R.R. Donnelley & Sons Co.*,

124 S. Ct. 1836 (2004). In *Jones*, the plaintiff brought claims under 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991. The Court's analysis focused on the substance and context of both the 1991 amendments and the plaintiff's claims. *Id.* at 1839-40. The Court noted that the 1991 amendments were a response to a narrow interpretation of the original statute by the Court; the amendments expanded the scope of the statute. *Id.*

Before determining whether the plaintiff's claim was barred by § 1658, the *Jones* Court had to resolve the circuit split concerning whether claims brought under amendments to existing statutes are subject to the federal catchall limitations provision. *Id.* at 1841. The Court stated that the history of § 1658 supports a more expansive application of the statute. *Id.* at 1844. The Court noted that "Congress routinely creates new rights of action by amending existing statutes" and stated that "[a]n amendment to an existing statute is no less an 'Act of Congress' than a new, stand-alone statute." *Id.*

Whether an amendment is subject to § 1658 depends upon whether the amendment creates a new cause of action. *Id.* at 1845. The *Jones* Court stated that determination of whether § 1658 applied to the plaintiff's claims depended upon whether the claims arose under the 1991 amendments or the original act. *Id.* at 1840. The Court held that any Act of Congress enacted after December 1, 1990, is subject to the four year limitations period of § 1658 so long as the plaintiff's cause

of action "was made possible by a post-1990 enactment." *Id.* at 1845. Because the plaintiff's claim was made possible by the 1991 amendments, the § 1658 limitations period applied. *Id.*

In light of *Jones*, the applicability of § 1658 to the plaintiff's claims against Nutrition depends upon whether the claims arise under a new cause of action created by USERRA. The plaintiff claims that Nutrition discriminated against him because of his military obligations by denying him management positions and promotions. The plaintiff's claims are based on the defendant's alleged violation of 38 U.S.C.A. § 4311(a), a provision of USERRA which prohibits employers from denying employees with military obligations "promotion, or any benefit of employment by an employer on the basis of" the employee's military obligations.

VRRA does not offer a comparable cause of action. Under VRRA, military reservists called to training for active or inactive duty were protected only insofar as (1) employers were required to grant requests for leave of absence to fulfill training obligations, and (2) employees were guaranteed a position of comparable seniority, status, pay, and vacation upon returning from training. 38 U.S.C. § 2024(d) (1974). VRRA did not give military reservists a cause of action for discriminatory denial of promotions or management positions.

The legislative history behind USERRA stipulates that one of the goals of the legislation was to strengthen the employment and re-employment rights of

veterans. H.R. REP. NO. 103-65(I) (1993), 1994 U.S.C.C.A.N. 2449, 2451. The language of 38 U.S.C.A. § 4311(a), specifying that employees are not to be denied promotions or any other benefits of employment because of military obligations, is a prime example of how USERRA expanded the protection previously afforded to veterans under VRRA. Because the plaintiff's claim is based upon a cause of action created by USERRA, the Supreme Court's holding in *Jones* dictates that the plaintiff's claims are subject to § 1658.

The court also accepts as true the plaintiff's contention that Nutrition and Pharmaceuticals are either a single entity or joint employer. However, this issue is irrelevant to Nutrition's motion to dismiss. Given the applicability of § 1658, any claims arising more than four years prior to the filing of the complaint are time barred. Because the plaintiff left the employ of Nutrition more than four years before filing the complaint, claims arising during the plaintiff's employment with Nutrition are barred. Only the claims against Pharmaceuticals are properly before the court.

## IV. Conclusion

After considering all issues of material fact in the light most favorable to the plaintiff, the court finds that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. The plaintiff's claims against Nutrition arise under 38 U.S.C.A. § 4311, which is subject to the four year catchall

limitations period in 28 U.S.C. § 1658. More than four years lapsed between the conclusion of the plaintiff's employment with Nutrition and the filing of this complaint. Accordingly, the plaintiff's claims against Nutrition are time barred. The Court therefore **GRANTS** the defendant's **motion** to dismiss.

**DONE** and **ORDERED** this the 22 day of September, 2004.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE